# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

## THOMAS R. DAWLEY, Appellant, v. DANIEL ALSDORF, Respondent.

### *"Delivered for distribution"* — *meaning of.*

APPEAL from a judgment in favor of the defendant for eighty-two dollars and fifty-one cents (the plaintiff having recovered one dollar and the defendant, eighty-three dollars and fifty-one cents costs), at the Rockland County Circuit.

On the 5th day of December, 1879, one Frank A. Cotharin, contemplating the publication of an edition of sheet-music, to be known as the "Musical Album," with spaces for advertisements, applied to the defendent, a merchant of Newburgh, N. Y., and received from him the following paper:

NEWBURGH, N. Y., *Dec.* 5, 1879.

F. A. COTHARIN.

You are hereby authorized to insert my advertisement in the "Musical Album," to occupy space of not less than (8) eight square inches, for and in consideration of which I agree to pay to you, or order, on presentation of this contract, and certificate from printer as to number printed, at the rate of twenty dollars ($20) for each and every thousand copies of the total number printed and delivered for distribution. Fifty copies to be delivered to me for free distribution, which number I agree to distribute free, for the mutual benefit of the advertisers. Your responsibility to extend no further than the printing, tender or delivery of the Musical Album. The edition not to exceed 10,000 copies. In case I do not furnish copy for above edition within five days from above date, space may be charged for at the same rates as though copy had been furnished.

DANIEL ALSDORF.

Three days after receiving this paper, Cotharin indorsed it over to the plaintiff.

The court at General Term said : " The agreement of the defendant was to pay for each and every thousand copies of the total number of the Musical Album printed and delivered for distribution. We think that the only meaning which can be fairly attributed to the phrase " delivered for distribution " is a delivery for the purpose of supplying subscribers or purchasers of the paper. The term distribution, as applied to a publication like a newspaper, or a periodical, imports a delivery to persons who have bought or otherwise became entitled to the same.

There is no evidence in this case of any distribution of the Musical Album in that sense, except the delivery of fifty copies to the plaintiff, and for those copies the plaintiff was allowed to recover.

The act of leaving the Album in each and every one of the houses in the principal streets of Newburgh was not, in any sense, a distribution thereof within the meaning of the contract.

Judgment should be affirmed, with costs.

*Charles Strauss*, for the appellant.

*Scott & Hirschberg*, for the respondent.

Opinion by GILBERT, J. ; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.